

Fox Rothschild LLP
ATTORNEYS AT LAW

101 Park Avenue, 17th Floor
New York, NY 10178
Tel 212.878.7900  Fax 212.692.0940
WWW.FOXROTHSCHILD.COM

RYAN T. BECKER
Direct No: (215) 299-2033
Email: RBecker@foxrothschild.com

September 28, 2022

**VIA ECF**

The Honorable Kiyo A. Matsumoto
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:* *1567 56th Street, LLC et al. v. Arthur Spitzer et al. – Case No. 22-CV-4873*

Dear Judge Matsumoto:

This firm represents Defendant, PS Funding, Inc. ("PSF"), the current holder of two loans secured by the two properties at issue ("King County properties"), in the above-referenced action. We write to inform the Court of PSF's intention to file a motion to dismiss Count III of the Complaint filed by Plaintiffs, 1567 56th Street, LLC, 1569 56th Street, LLC, and Shlomo Braun (collectively, "Plaintiffs") and seek abstention or a stay with respect to Count II, and to request a pre-motion conference (the "Motion").

This deficient RICO action was improperly filed here despite Plaintiffs' knowledge of related state court foreclosure proceedings concerning the two properties. Compl. ¶¶ 64, 67. In short, Plaintiffs allege that: (i) they owned the two Kings County properties, (ii) Defendant Spitzer forged Plaintiff Braun's signature and fraudulently conveyed the King County properties to his own sham entity, (iii) Defendant Weisz notarized the forged documents, (iv) Defendant Dekel Abstract LLC and Defendant Teitelbaum, acting as closing agents, performed fraudulent title transfers, and (v) Defendants Weinfeld and Bleier, as agents of Defendant Rosa Funding LLC ("Rosa"), created false mortgage instruments naming Rosa as "Lender." The only factual allegations referencing PSF directly simply state that Rosa assigned the mortgages to PSF and PSF then instituted the underlying foreclosure actions after the mortgagees defaulted.

Critically, Plaintiffs do not plausibly allege that PSF was involved in the alleged forgeries or fraudulent conveyances. PSF's only apparent role was accepting the mortgage assignments from Rosa and filing the foreclosure proceedings when the loans were in default. Although Plaintiffs contend that PSF should have named them in the foreclosure actions, their own pleading makes clear that PSF had

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Massachusetts   Minnesota   Missouri
Nevada   New Jersey   New York   North Carolina   Oklahoma   Pennsylvania   South Carolina   Texas   Washington



September 28, 2022
Page 2

no reason to know or suspect that Plaintiffs had any interest in the properties (Plaintiffs themselves allege that they confronted other Defendants – not PSF – about the alleged scheme). *See* Compl. ¶¶ 163-64. The mortgage documents did not mention Plaintiffs and listed Spitzer and his corporate entity as the borrowers, the interested parties PSF rightfully named in the foreclosure proceedings.[1]

Plaintiffs RICO claim should be dismissed because it is implausible and does not plead the required elements. The Court should abstain from deciding Plaintiffs' property claim or, alternatively, stay it, since the *Colorado River* factors weigh in favor of litigating this claim in the ongoing state court proceedings.

## <u>RICO CLAIM</u>

Plaintiffs fail to allege a valid RICO[2] claim against PSF for at least *four* separate reasons.

**First,** Plaintiffs fail to sufficiently plead the existence of an enterprise. An enterprise must have "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. U.S.*, 556 U.S. 938, 946 (2009). This section requires that a defendant "have some part in directing [the RICO enterprise's] affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). The Complaint lacks any allegation that PSF either managed or directed the alleged enterprise's affairs. PSF's only apparent role is that it was ultimately assigned the mortgages and subsequently filed foreclosure proceedings after the mortgagees defaulted.

**Second,** Plaintiffs fail to sufficiently plead "racketeering activity", or the predicate acts of extortion or robbery. Extortion requires that "the defendant '(1) induced [the victim], with [the victim's] consent, to part with property, (2) through the wrongful use of actual or threatened force, violence or fear (including fear of economic loss), (3) in such a way as to adversely affect interstate commerce.'" *Ascentive, LLC v. Opinion Corp.*, 842 F. Supp. 2d 450, 478 (E.D.N.Y. 2011). PSF did not take any property, nor is there any allegation that PSF used force, violence, or fear against Plaintiffs. Plaintiffs' sole contention is that PSF supposedly extorted them through "its prosecution of the 69 Foreclosure." Compl. ¶ 180.

**Third,** Plaintiffs' allegation of mail and wire fraud fails to meet the heightened specificity required by Fed. R. Civ. P. 9(b). *U.S. v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 479 (E.D.N.Y. 2007). A mail or wire fraud plaintiff must "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 119 (2d Cir. 2013).

---

[1] PSF recently ran a new title search on the properties and discovered that Defendant Spitzer transferred title of the properties to Plaintiff Braun on November 5, 2020. Thereafter, on September 22 and 23, 2022, PSF sought leave to file an amended complaint naming Plaintiff Braun as an interested party to the foreclosure actions.

[2] Plaintiffs do not even bother to identify which specific section of the RICO statute PSF has purportedly violated; however, it appears that Plaintiffs are asserting a violation of § 1962(c).



September 28, 2022
Page 3

Importantly, "blanket references to 'defendants' are impermissible"; where there are multiple defendants, the claim must specify the fraudulent acts of each of the defendants. *San Leandro Emergency Med. Group Profit v. Philip Morris Cos*., 75 F.3d 801, 821 (2d Cir. 1996). The Complaint fails to identify specifically as to PSF the dates, locations, or contents of the alleged predicate acts, relying instead on improper references to "Defendants'" conduct. Compl. ¶ 183.

**Fourth,** Plaintiffs fails to establish a "pattern" of racketeering activity. *Rajaratnam v. Motley Rice, LLC*, 449 F. Supp. 3d 45, 64 (E.D.N.Y. 2020). Plaintiffs allege only, with no further detail, that "[u]pon information and belief, identical or similar acts have been committed in the years from November 1, 2018 through 2022 by the key Defendants…". Compl. ¶ 178. The Complaint fails to allege more than a narrow scheme involving a single victim.

## RPAPL ARTICLE 15 QUIET TITLE CLAIM

The Court should stay or, in the alternative, abstain altogether from addressing Plaintiffs' RPAPL Article 15 quiet title claim because it would be more appropriately addressed in the ongoing state court foreclosure proceedings.[3] Courts facing similar circumstances have stayed the federal court action in favor of the parallel state court proceeding. In *Bank of America v. Sharim, Inc.,* 10-cv-7570, 2010 WL 5072118 (S.D.N.Y. Dec. 13, 2010), the court issued a stay of the federal action pending resolution of the state action concerning issues arising from a mortgage loan. The court weighed six factors articulated by the Supreme Court in *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800 (1976): "1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989). Each factor weighs in favor of abstention, or, alternatively, staying litigation of this claim. Kings County Supreme Court assumed jurisdiction over the properties in 2021. State law supplies the rule of decision with respect to this claim. And proceeding in the previously filed state actions will avoid piecemeal litigation and preserve judicial resources while providing Plaintiffs the ability to protect their alleged rights to the properties in question. ⸎

## PROPOSED BRIEFING SCHEDULE

PSF respectfully requests a pre-motion conference to further discuss these issues. PSF reached out to Plaintiffs' counsel on two separate occasions with a proposed briefing schedule, but Plaintiffs did not offer any comment on it. PSF proposes that it file the Motion 30 days after the pre-motion conference, Plaintiffs oppose 30 days later, and PSF replies 20 days thereafter.

---

[3] Plaintiffs admit they were fully aware of the foreclosure proceedings but chose not to appear before the "overworked state court judge" in those cases, admitting this is a blatant attempt at forum shopping. Compl. ¶ 161.



September 28, 2022
Page 4

Respectfully submitted,

Ryan T. Becker