# Levi Huebner & Associates, PC

Attorneys and Counselors at Law
488 Empire Boulevard, Suite 100
Brooklyn, NY 11225
Tel: (212) 354-5555
Fax: (718) 636-4444
email: newyorklawyer@msn.com

October 3, 2022

Honorable Judge Kiyo A. Matsumoto
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11202

Re: **1567 56th Street, LLC et al v. Spitzer et. al., 1:22-cv-04873-KAM-RML**

Honorable Judge Matsumoto:

We represent the Plaintiffs 1567 56TH Street, LLC, 1569 56TH Street, LLC, and Shlomo Braun and submit the within opposition to the premotion conference application of the Defendant, PS Funding, Inc. ("PS Funding") [ECF 18].

The controversy in the complaint exceeds $75,000 and involves defendants domiciled and located outside the State of New York. PS Funding does not present any colorable contention as to why the Court would not have diversity jurisdiction pursuant to 28 USC 1332.

More obvious, neither 1567 56th Street, LLC, nor 1569 56th Street, LLC, or Shlomo Braun are named parties to any State court action. "It was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a state court could entertain it." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813–14 (1976). "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id* at 817. None of the other concerns in *Colorado River* are implicated here. "While state claims are involved in the case, the state law to be applied [based on reading the complaint] appears to be settled." *Id* at 815. Thus, there is no colorable contention under any authority cited by Defendant that the Court could should abstain to allow Defendant PS Funding to complete its conversion of Plaintiffs properties in State court.

In *Bank of Am. v. Sharim, Inc*., No. 10 CIV 7570 PAC, 2010 WL 5072118, at *1 (S.D.N.Y. Dec. 13, 2010) the federal action was to foreclose a certain mortgage, while there was an earlier filed state court action for declaratory judgment between the parties with the same issues and concerns arising out of the same mortgage loan. This case is inapposite, the declaratory judgment was not filed in state court and is not between the same parties and do not raise the same issues or concerns arising out of the mortgage loan. The state actions alleges a default in payment of notes, this action alleges theft of title.

PS Funding also cites *De Cisneros v. Younger*, 871 F.2d 305 (2d Cir. 1989) a decision that militates against any stay. First, Defendant PS Funding cannot show how Plaintiffs interests are protected in the State court proceeding, since Plaintiffs were never a party to the State court action and this case raises distinct and separate issues. Second, Defendant has not identified a single relevant issue of law or

fact that are currently pending a decision in State court, a decisive factor in *De Cisneros*. Third, the plaintiff in *De Cisneros* contended to be ready for trial as discovery in the federal court was nearly complete, a factor completely incompatible with the current posture of the case.

If anything, Plaintiffs reserve the right to seek a stay in the state court pending a determination of the present complaint or to seek in state court an outright dismissal of the purported foreclosure actions. Neither of these acts would require the Federal Court to interfere with any proceedings in state court. This action is wholly independent of any state court action.

The attempt by Defendant PS Funding to cherry pick the factual allegations in the complaint and to turn a blind eye to the remainder of the allegations is unavailing. "Federal pleading rules call for a short and plain statement of the claim showing that the pleader is entitled to relief, Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014). The complaint states simply, concisely, and directly, events that, entitle Plaintiff to damages from the defendants. Having informed the defendants of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim. For clarification and to ward off further insistence on a punctiliously stated theory of the pleadings, the federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief. *Johnson*. FRCP 9(b) also requires stating the with particularity the circumstances constituting fraud.

The complaint has done all of that by alleging specific facts demonstrating the chain of title, the omission of due diligence, the lack of a title search, the conversion, and there being no contract of sale or closing. The complaint also provided specific addresses of the properties where Defendant replicated a similar pattern.

The attempt by Defendant PS Funding to insulate itself as merely an assignee of a mortgage is wrong. The complaint alleges that the conversion of title, the encumbrance of property and assignment occurred simultaneously, by showing the date and the consecutive sequence of transaction numbers under which the racketeering activity initiated. For example, the complaint also alleges that "the game is shaped as if PS Funding advanced funding under the method of 'table funding', where PS Funding holds itself as if the loan was funded by PS Funding as a contemporaneous 'bona fide' lender advancing the funds for a purchase. Meanwhile, there were no funds advanced to purchase the property from the unsuspecting victim." Rather, PS Funding is the vehicle by which the entire enterprise is enriched when PS Funding successfully completes the foreclosure of the stolen property. The sample of these factual allegations tie PS Funding to the entire enterprise.

Moreover, the complaint alleges that PS Funding engaged in interstate transportation of stolen property in violation of 18 U.S.C. § 2314 by redeeming into liquid cash the fraudulent mortgages encumbered on stolen title to property. This act was committed on two separate properties. That by itself is sufficient racketeering activity that PS Funding committed to advance the cause of the enterprise.

Defendant PS Funding has presented no colorable argument as to any basis there would be to consider its pre-answer motion to dismiss other than a waste of time and resources.

Respectfully submitted,

/ s / Levi Huebner
_____