February 14, 2023

**<u>VIA ECF ONLY</u>**

Honorable Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11202

    Re:    ***1567 56th Street, LLC et al v. Spitzer et al*, 1:22-cv-04873-KAM-RML**
            **Case No. 1:20-cv-02241-VEC**

Dear Judge Levy:

        This firm represents Defendants Rosa Funding, Josh Weinfeld, and Isidor Bleier in this sparsely-pleaded forgery action brought by Shlomo Braun and several entities he claims to own.  Mr. Huebner, counsel for the Plaintiffs (whose behavior and previous record I will address below) wrote a deeply-inaccurate "letter motion" relating to the targeted discovery in this action, requiring this response.

        First, as the Your Honor recalls, the parties did indeed agree on "targeted discovery" regarding, specifically, where the funds were sent and by whom.  I myself suggested this since, at the time, I was under the impression that since my client (Rosa Funding) acted as "table funder" and immediately sold and assigned the loan to PS Funding, the money would also follow the same trail.  As seen below, while Rosa did hold the mortgage for literally 1 second before assigning it, the funds were sent directly by PS Funding to the borrowers, namely to BSD Realty Holdings Inc., which previous records suggest belongs to Defendant Arthur Spitzer.

        However, greedily, Mr. Huebner did not serve demands relating only to money trails.  Instead, he served voluminous discovery that would only be appropriate after his complaint survived motions to dismiss.  Quite simply, Mr. Huebner claim that this targeted discovery includes "supporting documents describing/justifying such transaction" is not true, and was not what the parties agreed to before Your Honor.  It is perhaps for this reason why PS Funding and its counsel responded with blanket objections to the over-reach by Plaintiff, and provided discovery of only one page (being the wiring record). (Annexed as **Exhibit A**).

        Second, Defendant Dekel Abstract, which handled all funds involved in the transaction, provided the information that the targeted discovery was meant to disclose.  Namely, Rosa Funding sent no funds, but only received proceeds due to its role as "table funder" (functionally a broker).  The Defendant is not presently entitled to any explanation as to "why" the money went in that direction, and the transaction is clearly governed by publicly-recorded documents available on ACRIS.

   As to Mr. Huebner's allegations that he and I held a meet and confer in which I was rude, the allegation is startlingly offensive.  Mr. Huenber did indeed eventually return my calls of February 7 and 13, 2023, but would not allow me to speak, instead interrupting me to yell at me to stop yelling (a common tactic) as well as to ask me why I do not have publicly-recorded documents memorized.  To call this a meet-and-confer is an insult to the rules.

   After Mr. Huebner's email of last evening, I conducted some research into my opposition, and discovered that on November 10, 2016, Judge Brian M. Cogan on this Eastern District found that Mr. Huebner (as Plaintiff but also as co-counsel for himself) should be sanctioned for frivolous conduct that is eerily similar to what has occurred herein in the last 24 hours.  This decision, in the <u>Levi Huebner v. Midland Credit Management, Inc.</u> matter (1:14:cv-06046), is annexed hereto as **Exhibit B**.  Therein, Judge Cogan held that Mr. Huebner made a "claim without legal support" which was "prosecuted in bad faith", and that he "acted in a manner designed to harass defendants and to try to force it into settling his claim."  The Judge also found that several of his "positions were either factually without basis or legally wrong."

   It appears as is Mr. Huebner seeks to create clouds of allegations and derogatory comments to his adversaries to hide a lack of substance in his allegations.  After all, this case claims Civil RICO without any specific pleadings based solely on bold-faced claims of forgery of two deeds.  It appears that uncivil behavior like this is indeed a *modus operandi* of Mr. Huebner.

   I request that the Court hold a conference regarding what discovery, if any, is owed at this point, since Rosa Funding would only disclose wires to itself that match what Dekel Abstract already produced.  I also request that possible sanctions against Mr. Huebner be discussed at this hearing.

   Furthermore, since no meet and confer occurred, I request that any order to show cause regarding discovery be marked off until it has been conducted.


Respectfully submitted,


/s/ Yan Margolin
_____

Yan Margolin

Cc: All Counsel (via ECF and email)