

101 Park Avenue, 17th Floor
New York, NY  10178
Tel 212.878.7900  Fax 212.692.0940
WWW.FOXROTHSCHILD.COM

RYAN T. BECKER
Direct No: (215) 299-2033
Email: RBecker@foxrothschild.com

March 17, 2023

**VIA ECF**

The Honorable Kiyo A. Matsumoto
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

> ### Re:     1567 56th Street, LLC et al. v. Arthur Spitzer et al. – Case No. 22-CV-4873

Dear Judge Matsumoto:

      This firm represents Defendant, PS Funding, Inc. ("PSF"), the current holder of two loans secured by the two properties at issue ("Kings County Properties") in this action.  We write to request a pre-motion conference to discuss PSF's intention to file a motion to dismiss Count III of the First Amended Complaint ("FAC") filed by Plaintiffs, 1567 56th Street, LLC, 1569 56th Street, LLC, and Shlomo Braun (collectively, "Plaintiffs").  If the RICO claim is dismissed, the Court should dismiss Count II for lack of subject matter jurisdiction[1] or, alternatively, stay or abstain in light of ongoing state court proceedings concerning the status of the properties that were filed over 18 months ago in Kings County Supreme Court.

      While the FAC facially appears to provide more color concerning PSF's alleged business model and practices, it still fails to plead a plausible RICO claim against PSF. In short, Plaintiffs allege that: (i) they owned the Kings County Properties, (ii) Defendant Spitzer forged Plaintiff Braun's signature and fraudulently conveyed the Kings County properties to his own sham entity, (iii) Defendant Weisz notarized the forged documents, (iv) Defendant Dekel Abstract LLC and Defendant Teitelbaum, acting as closing agents, performed fraudulent title transfers, (v) Defendants Weinfeld and Bleier, as agents of Defendant Rosa Funding LLC ("Rosa"), created false mortgage instruments naming Rosa as "Lender"; and (vi) Rosa assigned the mortgages to PSF and PSF then instituted the underlying foreclosure actions after the mortgagees defaulted.

---

[1] The documents submitted to PSF in connection with the loans on the Kings County Properties suggest that Arthur Spitzer, a Defendant in his individual capacity and the sole member of Defendant 1567 56 NY LLC, is a New York resident, as are Plaintiffs.

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Massachusetts    Minnesota    Missouri
Nevada    New Jersey    New York    North Carolina    Oklahoma    Pennsylvania    South Carolina    Texas    Washington



March 17, 2023
Page 2

For all of Plaintiffs' bluster, the crux of the RICO claim are the forgery allegations and alleged fraudulent conveyances. Critically, Plaintiffs do not – because they cannot – plausibly allege that PSF had anything to do with any forgery or fraudulent conveyances. PSF's only role in this transaction was accepting the mortgage assignments from Rosa after this alleged misconduct happened. At best, perhaps Plaintiffs could say that PSF should have done better due diligence on what Rosa or Spitzer were doing or how they were doing it. But Plaintiffs' own pleading makes clear that PSF had no reason to either know or suspect that Plaintiffs had any interest in the properties (Plaintiffs themselves allege that they confronted other Defendants – not PSF – about the alleged scheme). *See* FAC ¶ 286. The mortgage documents did not mention Plaintiffs. Rather, they listed Spitzer and his corporate entity as the borrowers, the interested parties PSF rightfully named in the foreclosure proceedings.[2]

## RICO CLAIM

Plaintiffs fail to allege a valid RICO claim against PSF for at least *four* separate reasons.

***First,*** Plaintiffs fail to sufficiently plead the existence of a common purpose of the alleged enterprise. As the court in *Singh v. NYCTL 2009-A Tr.*, No. 14-cv-2558, 2016 WL 3962009, at *10 (S.D.N.Y. July 20, 2016) aptly noted, a party asserting a RICO violation "must allege an integrated and cohesive criminal enterprise, not just a series of independent fraudulent acts…", and "a RICO 'enterprise must be *more than a routine contractual combination for the provision of financial services*.'" *Id.* at *10 (emphasis added) (citation omitted). Indeed, "[w]ithout a discernible organization or at least *some unitary function*, the mere existence of *routine business relationships among the defendants* is insufficient to establish an 'enterprise' under RICO." *Id.* (emphasis added). Rather than allege a common purpose, Plaintiffs instead allege a "dual purpose" of the alleged enterprise, with a "frontend" presenting themselves as bona fide businesspeople and a "backend" committing the racketeering activity. FAC ¶153. This supposed bifurcation alone defeats the claim. Moreover, the FAC makes abundantly clear that PSF allegedly had its own independent "scheme" and selfish business motivations that were separate and apart from the interests of the other defendants. FAC ¶¶ 178-84.

***Second,*** Plaintiffs fail to sufficiently plead "racketeering activity", or the predicate acts of extortion or robbery. Extortion requires that "the defendant '(1) induced [the victim], with [the victim's] consent, to part with property, (2) through the wrongful use of actual or threatened force, violence or fear (including fear of economic loss), (3) in such a way as to adversely affect interstate commerce.'" *Ascentive, LLC v. Opinion Corp.*, 842 F. Supp. 2d 450, 478 (E.D.N.Y. 2011). PSF did not take any property from Plaintiffs, nor is there any allegation that PSF used force, violence, or fear against Plaintiffs. Plaintiffs only contentions are that PSF supposedly extorted them through "its

---

[2] After filing the state court cases, PSF ran a new title search on the properties and discovered that Spitzer transferred title of the properties to Plaintiff Braun on November 5, 2020. Thereafter, on September 22 and 23, 2022, PSF sought leave to file an amended complaint (not to amend a judgment, as Plaintiff falsely pleads) naming Plaintiff Braun as an interested party to the foreclosure actions. Notably, there is no mention anywhere in the FAC that Plaintiff Braun currently holds title on both of the Kings County Properties.



March 17, 2023
Page 3

prosecution" of the foreclosures and its "refus[al] to remove the encumbrance[s]" on the Kings County properties. *See* FAC ¶¶ 294(a)(ix), (b)(viii), (c)(viii), and (d)(viii)). Yet nothing has even been foreclosed.

*Third,* Plaintiffs fail to sufficiently plead the existence of an enterprise. An enterprise must have "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. U.S.*, 556 U.S. 938, 946 (2009). This section requires, among other points, that a defendant "have some part in directing [the RICO enterprise's] affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). The Complaint lacks plausible allegation that PSF either managed or directed the alleged enterprise's affairs. Plaintiffs do not even plead that PSF had any involvement in the critical wrongful acts of forgery and fraudulent conveyance.

*Fourth*, Plaintiffs' allegation of mail and wire fraud fails to meet the heightened specificity required by FRCP 9(b). *U.S. v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 479 (E.D.N.Y. 2007), as the FAC fails to identify specifically as to PSF the dates, locations, or contents of the alleged predicate acts, relying instead on improper references to "Defendants'" conduct. *See* FAC ¶ 298.

## RPAPL ARTICLE 15 QUIET TITLE CLAIM

If Plaintiffs' RICO claim is dismissed, the Court should also dismiss the remaining state law claims for lack of subject matter jurisdiction. Plaintiffs contend that they are citizens of New York (FAC ¶ 3) and that both Defendant Spitzer and his entity, Defendant 1567 56 NY LLC, are citizens of New Jersey (FAC ¶¶ 4, 8). Documents provided to PSF in connection with the Kings County properties indicate, however, that Spitzer is a citizen of New York. If true, complete diversity is lacking between the parties, warranting dismissal for lack of subject matter jurisdiction. Alternatively, the Court should stay or abstain from deciding Plaintiffs' RPAPL quiet title claim because it would be more appropriately addressed in the ongoing state court proceedings.[3] *See, e.g., Bank of America v. Sharim, Inc.,* 10-cv-7570, 2010 WL 5072118 (S.D.N.Y. Dec. 13, 2010) (staying federal action pending resolution of state action concerning issues arising from mortgage loan).

## PROPOSED BRIEFING SCHEDULE

PSF respectfully requests a pre-motion conference to further discuss these issues. PSF proposes that it file its motion to dismiss 30 days after the pre-motion conference, Plaintiffs have requested that they have 60 days to file their opposition (and PSF does not oppose that request), and PSF proposes that it files its reply 20 days thereafter.

---

[3] Plaintiffs admit they were fully aware of the foreclosure proceedings but chose not to initially appear before the "overworked state court judge" in those cases, admitting this is a blatant attempt at forum shopping. FAC ¶ 281.



March 17, 2023
Page 4

Respectfully submitted,

Ryan T. Becker