# MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.

www.moodklaw.com

**WESTCHESTER COUNTY OFFICE**
*580 White Plains Road*
*Suite 620*
*Tarrytown, NY 10591*
*(914) 345-3701 Fax: (914) 345-3743*

*Kaitlyn P. Long*
Member CT, MA & NY Bars
(914) 593-7306
KLong@moodklaw.com

March 24, 2023

**VIA ECF**

Judge Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
224 Cadman Plaza East
Brooklyn, New York 11201

> Re:   **1567 56th Street, LLC, 1569 56th Street, LLC, and Shlomo Braun v. Arthur Spitzer, et al**
>       Docket No.:   :   22-cv-04873

Dear Judge Matsumoto:

    We represent Defendants, Dekel Abstract, Abraham Teitelbaum, and Jehuda Weisz ("the Dekel Defendants"), with regard to the above-referenced matter. Pursuant to Your Honor's part rules the Dekel Defendants respectfully request a pre-motion conference in advance of filing a Rule 12(b)(6) partial motion to dismiss the Third Claim of Relief to the First Amended Complaint filed by the Plaintiffs, 1567 56th Street, LLC, 1569 56th Street, LLC, and Shlomo Braun (hereinafter "Plaintiffs"). It follows that the Dekel Defendants respectfully request an extension to file an Answer as to the Fourth and Fifth Claims for Relief of the First Amended Complaint, until after the partial motion to dismiss has been decided.

    Pursuant to the Complaint, Plaintiffs allege that the two properties in question had the title transferred without his knowledge. Specifically, he alleges the Dekel Defendants aided with the fraudulent transfer of the property when their employee, defendant, Jehuda Weisz, allegedly fraudulently notarized the signature of Rabbi Braun, as he claims to have never appeared before Mr. Weisz. He also alleges that Dekel Abstract and Abraham Teitelbaum did not perform their due diligence to ascertain the basis for transferring the property and that they were involved in an "enterprise" for purposes of his RICO claim.

{M0470342.1}

| Philadelphia | Pittsburgh | Cherry Hill | Wilmington | Towson | New York |
|---|---|---|---|---|---|
| Pennsylvania | Pennsylvania | New Jersey | Delaware | Maryland | New York |

### I. The Complaint Should Be Dismissed Because the Plaintiffs Fail To Allege a Valid RICO Claim Under 18 U.S.C. §1962(c)

To establish a civil RICO claim, a plaintiff must show "(1) a violation of the RICO statute, 18 USC §1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." Under 18 U.S.C. §1962, Plaintiff must show: (1) conduct (2) of a common enterprise (3) through a pattern (4) of racketeering activity.

Under 18 USC §1961(4), "a RICO enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." An "enterprise" must be an entity "separate and apart from the pattern of activity in which it engages." United States v. Turkette, 452 US 576, 101 S.Ct 2524, 69 L. Ed. 2d 246 [1981]). Additionally, the Supreme Court has interpreted the statutory language to mean that the RICO defendant must have participated "in the operation or management of the enterprise." Flexborrow LLC v. TD Auto Fin. LLC, 255 F. Supp. 3d 406 (E.D.N.Y. 2017) citing De Falco v. Bernas, 244 F.3d 286, 309 (2d Cir. 2001) (citing Reves v. Ernst & Young, 507 U.S. 170, 185, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993)). Under this standard, a person may not be held liable merely for taking directions and performing tasks that are "necessary and helpful to the enterprise," or for providing "goods and services that ultimately benefit the enterprise." Id. citing US. Fire Ins. Co. v. United Limousine Serv., Inc., 303 F. Supp. 2d 432, 451-52 (S.D.N.Y. 2004). In the present matter, Plaintiffs have failed to allege that the Dekel Defendants were participating in the direction or management of the alleged enterprise.

It follows that, "[f]or RICO purposes, simply establishing the presence of an enterprise is not enough. Plaintiffs must also allege that the defendants 'conducted or participated, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Id. quoting 18 U.S.C. § 1962(c). Racketeering activity is defined as "any act which is indictable" under specified provisions of Title 18, including mail fraud, wire fraud, extortion, and bank fraud. 18 U.S.C. §1961(1)(B). Here, the Plaintiffs have not established a pattern of racketeering. "The pattern of racketeering activity must consist of two or more predicate acts of racketeering." 18 U.S.C. §1961(5). A Plaintiff must establish that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity. Id. citing Schlaifer Nance & Co. v. Estate of Warhol, 119 F.3d 91, 97 (2d Cir. 1997) (citing H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239, 109 S. Ct. 2893, (1989); see 18 U.S.C. §§ 1961(5), 1962(c). To establish a pattern, a Plaintiff must show continuity, whether it be close-ended or open-ended continuity of the alleged acts. Flexborrow LLC v. TD Auto Fin. LLC, 255 F. Supp. 3d 406 (E.D.N.Y. 2017). Here, the Plaintiff has failed to establish that any of the alleged acts were ongoing for a sufficient period of time or that there is a threat of continuing the alleged activity outside of the period when the alleged acts were performed. Id. As a result, Plaintiff has failed to plausibly establish a pattern of racketeering as required under the statute.

Based upon the foregoing, the Dekel Defendants respectfully seek a partial dismissal of the Amended Complaint pursuant to Rule 12(b)(6) and the scheduling of a pre-motion conference at the Court's convenience. The Dekel Defendants propose that its motion be filed 30 days after the

pre-motion conference, and Plaintiffs have requested 60 days to file their opposition. Additionally, the Dekel Defendants propose to file the reply papers 20 days after the opposition is due. Furthermore, we have consulted with Levi Huebner of Levi Huebner & Associates PC, who is representing the plaintiffs, 1567 56th Street, LLC, 1569th Street, LLC and Shlomo Braun. Mr. Huebner does not take a position as to the request for an extension to file an Answer on behalf of the Fourth and Fifth Claims.

          Respectfully Submitted,

          **MARKS, O'NEILL, O'BRIEN,**
          **DOHERTY & KELLY, P.C.**


          */s/ Kaitlyn P. Long*
          Kaitlyn P. Long

KPL:gc1