# Levi Huebner & Associates, PC

**Attorneys and Counselors at Law**
488 Empire Boulevard, Suite 100
Brooklyn, NY 11225
Tel: (212) 354-5555
Fax: (718) 636-4444
email: newyorklawyer@msn.com

April 21, 2023

Honorable Kiyo A. Matsumoto
United States District Court, Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11202

Re: <u>1567 56th Street, LLC et al v. Spitzer et al, 1:22-cv-04873-KAM-RML</u>

Honorable Judge Matsumoto:

As Your Honor is aware, we represent Plaintiffs 1567 56TH Street, LLC, 1569 56TH Street, LLC, and Shlomo Braun ("Rabbi Braun").

In an effort to destroy diversity jurisdiction, PS Funding and some of the co-defendants, have continuously misrepresented to the Court that Arthur Spitzer resides in the State of New York [ECF 35], and that his entities are not diverse [ECF 34] notwithstanding that the complaint and amended complaint (the "FAC") state that "At all times material to this lawsuit, the defendant Arthur Spitzer ("Spitzer") is domiciled at 2370 Forest Circle in the Township of Toms River in the State of New Jersey."

Although the Court is required to accept the factual allegations pled in the FAC as true, in order to ensure diversity jurisdiction, on April 20, 2023, during the telephonic conference, based on the allegations of some of the defendants, the Court directed Plaintiff to show cause that the address of Arthur Spitzer, and his entities 1567 56 NY LLC, and BSD Realty Holdings Inc., are domiciled and citizens of New Jersey.

Attached as **Exhibit A** is a true copy of the corporate registration of BSD Realty Holdings Inc. showing that it is registered with a principal place of business in the State of New Jersey. "Every corporation is now treated for diversity purposes as a citizen of both its state of incorporation and its principal place of business, regardless of whether such place is foreign or domestic." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 51 (2d Cir. 2012). Exhibit A was purchased from the Division of Revenue & Enterprise Services' Business Records Service for the State of New Jersey.

It is undisputed that 1567 56 NY LLC is incorporated in the State of New York. Nonetheless, a limited liability company takes the citizenship of each of its members. *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). A "limited liability company has the citizenship of its membership." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). Attached as **Exhibit B** and **Exhibit C** are true copies of the purported mortgages

at issue in this case which Spitzer executed as the sole member of 1567 56 NY LLC. Thus 1567 56 NY LLC is a citizen of New Jersey as is its sole member Spitzer.

   As for the residence and domicile of Arthur Spitzer, in addition to the undersigned performing an Accurint search, which indicated that Spitzer resides at 2370 Forest Circle, Toms River, NJ 0875, attached as **Exhibit D** is a true copy of a payment guaranty that Arthur Spitzer signed as "an individual residing at 2370 Forest Circle, Toms River, NJ 08755." Exhibit D is taken from the eCourt Civil Case Jacket system by the State of New Jersey.  Further evidencing the genuine residence and domicile of Spitzer, attached as **Exhibit E** is a true copy of the corporate registration of 2370 Forest LLC, which holds title to 2370 Forest Circle, Toms River, NJ 08755, showing that Spitzer resides at that address. Exhibit E was purchased from the Division of Revenue & Enterprise Services' Business Records Service for the State of New Jersey.

   In contravention of any hypothetical assertion of PS Funding, that Spitzer resides in New York, we submit an excerpt of a deposition of Spitzer, wherein, he states that his home address is at "New Jersey 08755" and his business address is also in NJ. Attached as **Exhibit F** is a true copy of an excerpt of a deposition taken of Spitzer.  This deposition was taken in October of 2020 several months after the mortgages on Plaintiffs properties were recorded. Exhibit F was obtained from PACER.

   Plaintiffs had a licensed process server duly serve Spitzer with personal service at 2370 Forest Circle, Toms River, NJ 08755.  Attached as **Exhibit G** is a true copy of the affidavit of service of the summons and complaint.  Attached as **Exhibit H** is a true copy of the affidavit of service of the FAC. Moreover, Plaintiffs have compared the affidavits of service for the summons and complaint and the FAC with an affidavit of service by a deputy sheriff for Ocean County, who also served Spitzer at the 2370 Forest Circle, Toms River, NJ 08755 and the physical description of Spitzer, provided by the deputy sheriff is consistent with the description provided by the Plaintiffs' process server. Attached as **Exhibit I** is a true copy of the affidavit of service by a deputy sheriff for Ocean County. Exhibit I is taken from the eCourt Civil Case Jacket system by the State of New Jersey.

   Notably, Exhibit I is taken from a lawsuit that PS Funding filed against Spitzer, captioned as *PS Funding, Inc v. Sunset 106 LLC and 465 Ferry LLC and Arthur Spitzer and Elye Breuer and DB Holdings LLC and GEMCAP Equity Corp. and Enyce Black and Samuel Yeoah and Kaysia Payne and Jasmine Byrd and EJ Grocery Store and The State Of New Jersey*, Dkt. No. F-009823-20, Essex County Superior Court, Chancery Division, New Jersey ("Sunset").  Attached as **Exhibit J** is a true copy of a motion for default filed by PS Funding, listing Spitzer's address as 2370 Forest Circle, Toms River, NJ 08755. Exhibit J is taken from the eCourt Civil Case Jacket system by the State of New Jersey.

   Remarkably, PS Funding represented to this Court, "Documents provided to PSF in connection with the Kings County properties indicate, however, that Spitzer is a citizen of New York." [ECF 35]. PS Funding made this misrepresentation despite having represented the NJ address as Spitzer's domicile to the Essex County Superior Court.  On February 25, 2022, PS Funding represented in its motion for default in *Sunset* that Spitzer resides at 2370 Forest Circle, Toms River, NJ 08755, notwithstanding that the loan "documents" in that action provide a New York address for Spitzer. Attached as **Exhibit K** is a true copy of the summons and complaint together with the loan documents filed in *Sunset* indicating that notices for Spitzer should be sent to New York.  Exhibit K is taken from the eCourt Civil Case Jacket system by the State of New Jersey.  However, at all relevant times PS Funding has known that the domicile for Spitzer is 2370 Forest Circle, Toms River, NJ 08755 and any representation to this Court otherwise is false.

  This case is essentially a documentary case. Almost all material factual allegations in the FAC are drawn from documents. The fact that Plaintiffs never received any consideration for the transfer of title of its properties is confirmed by a paper trail showing that the purported mortgages were split by Dekel between BSD Realty Holdings and Rosa Funding. Other documents show that Isidor Bleier and Abraham Teitelbaum received kickbacks from Spitzer for their role in the AIF Enterprise through subordinate mortgages. Jehuda Weisz received title to his property from Spitzer shortly after the forgeries of Plaintiffs were notarized. Each of these kickbacks were consummated through shell corporations. Likewise, despite some of the defendants' allegations of "title being returned to Rabbi Braun" it is beyond cavil that Rabbi Braun is still facing foreclosure due to the improper mortgage created by the fraudulent transfer of his properties.

  This system of implicit kickbacks using subordinate mortgages and different shell companies are not foreign to law. "It is fundamental to the law of conspiracy that the agreements that form the essence of the misconduct are not to be judged by technical niceties but by practical realities. Sophisticated conspirators often reach their agreements as much by the wink and the nod as by explicit agreement, and the implicit agreement may be far more potent, and sinister, just by virtue of being implicit." *Meyer v. Kalanick*, 174 F. Supp. 3d 817, 825 (S.D.N.Y. 2016). The reality is that Spitzer himself was unable by himself to enact every step himself, from the forgeries to the obtaining the mortgage, without the assistance of his co-conspirators. The lack of due diligence by all the Defendants is just another element of the larger picture because due diligence would have derailed Spitzer in the process if Spitzer was the sole player. For instance, a title search of Plaintiffs properties would have revealed that a lis pendens was recorded on Plaintiffs properties and not discharged by the Clerk at the time the forgeries and its mortgages were manufactured. A title search would have revealed that 1567 56th Street LLC did not have 100% title to the property 1569 56th Street. The fact that there was no closing before encumbering Plaintiffs' properties is also another element of the larger picture.

  The Defendants are repeatedly trying to minimize the gravity of this suit by pretending that the issues Plaintiffs face are isolated incidents and "only involve forgery" and then continuously attempt to evade this Court's authority with false attacks regarding diversity. The FAC clearly alleges that Plaintiffs have uncovered a slew of victims like Plaintiffs with similarly bizarre stories of how the Defendants have exploited the victims vulnerabilities with a sophistication, while fronting the appearance of acting as independent parties and as does the FAC truthfully and correctly indicate diversity.

  PS Funding and some of the co-defendants knew better than advancing the false proposition that Spitzer resides in New York or that his entities are not NJ entities. But like the forgeries of title to Plaintiffs properties, PS Funding plays as if there is nothing wrong with pursuing foreclosure on a mortgage that arises from a forgery. Unfortunately, the same morals guided PS Funding to claim before this Court that Spitzer resides in New York.

  Wherefore, Plaintiffs request that the Court enter an order acknowledging diversity jurisdiction and allowing Plaintiffs to file a request for default against Spitzer, 1567 56 NY LLC and BSD Realty Holdings, Inc.

              Respectfully submitted,

              / s / Levi Huebner
              _____