UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1567 56TH STREET, LLC, 1569 56TH STREET, LLC, and SHLOMO BRAUN,<br><br>*Plaintiffs,*<br><br>- against -<br><br>ARTHUR SPITZER, JOSH WEINFELD, ISIDORE BLEIER, 1567 56 NY LLC, DEKEL ABSTRACT LLC, ABRAHAM TEITELBAUM, ROSA FUNDING LLC, PS FUNDING, INC., and JEHUDA WEISZ,<br><br>*Defendants.* | Case: 1:22-cv-04873-KAM-RML<br><br>**AFFIRMATION IN SUPPORT OF ENTRY OF NOTATION OF DEFAULT** |

Levi Huebner affirms under the penalties of perjury as follows:

      1.      I am the attorney for the Plaintiff in this action.

      2.      This action was commenced pursuant to 28 U.S.C. 1332 and 18 U.S.C. 1964.

      3.      The time for defendants, Arthur Spitzer, BSD Realty Holdings Inc and 1567 56 NY LLC to answer or otherwise move with respect to the complaint and amended complaint herein has expired.

      4.      Defendants, Arthur Spitzer, BSD Realty Holdings Inc and 1567 56 NY LLC have not answered or otherwise moved with respect to the amended complaint, and the time for Arthur Spitzer, BSD Realty Holdings Inc and 1567 56 NY LLC to answer or otherwise move has not been extended.

## **Personal Jurisdiction**

      5.      Before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant. *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading*

*Corp.,* 619 F.3d 207, 213 (2d Cir. 2010). 1. "To determine whether the exercise of personal jurisdiction is proper in a diversity case, the Court must conduct a two-part inquiry: first, the Court looks at whether there is a basis for personal jurisdiction under the laws of the forum state, and second, the Court must examine whether the exercise of personal jurisdiction comports with constitutional due process." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931 (LJL), 2023 WL 2664079, at *7 (S.D.N.Y. Mar. 28, 2023). "Due process considerations require that the defendant "have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 169 (2d Cir. 2013).

6. Under N.Y. C.P.L.R. 302 "a court may exercise personal jurisdiction over any non-domiciliary, …: 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or 2. commits a tortious act within the state…; or 3. commits a tortious act without the state causing injury to person or property within the state…, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or  4. owns, uses or possesses any real property situated within the state."

7. The First Amended Complaint arises from a conversion of title to Plaintiffs' properties, as such CPLR 302[2] provides for personal jurisdiction over any non-domiciliary.

8. In the alternative or in the furtherance, the discovery in this action has shown, that the Defendants have used the forgery of title to Plaintiffs' properties to obtain a

Page 2

mortgage on the equity of Plaintiffs' properties.  As such, CPLR 302[3][i] provides for personal jurisdiction over any non-domiciliary.

9. In the alternative or in the furtherance, the taking of title to Plaintiffs' properties is an act that has consequences in this state and drawing a mortgage on these properties by an out of state lender is an act that derives substantial revenue from interstate commerce. As such, CPLR 302[3][ii] provides for personal jurisdiction over any non-domiciliary.

10. The conversion of title to Plaintiffs' properties, and all acts derived from the conversion, happened in this State.  The law of New York governs the rights and defenses to the conversion of title to Plaintiffs properties.  As such, the due process element is satisfied that the traditional notions of fair play and substantial justice given that New York law affect each Defendants rights and defenses.

11. Arthur Spitzer was served with the summons and complaint on September 8, 2022 [ECF 11], and 1567 56 NY LLC was served the summons and complaint on September 8, 2022 [ECF 12].  Attached as **Exhibit 1** is a true copy of the affidavit of service wherein Arthur Spitzer was served with the complaint on September 8, 2022. Attached as **Exhibit 2** is a true copy of the affidavit of service wherein 1567 56 NY LLC was served with the complaint on September 8, 2022.

12. Attached as **Exhibit 3** is a true copy of the affidavit of service wherein Arthur Spitzer was served with the first amended complaint on March 23, 2023. Attached as **Exhibit 4** is a true copy of the affidavit of service wherein 1567 56 NY LLC was served with the first amended complaint on March 23, 2023. Attached as **Exhibit 5** is a true copy of the affidavit of service wherein BSD Realty Holdings Inc was served with the first amended complaint on March 20, 2023.

**The Court has Jurisdiction.**

13. Diversity jurisdiction exists for this claim for relief, (i) since each property value involved exceed the threshold of $75,000—namely a mortgage of $1,200,000; (ii) since each Defendant is domiciled or located outside the State of New York and (iii) all of the plaintiffs are domiciled or located in the State of New York.

14. As for the addresses of each defendant: Arthur Spitzer is domiciled at 2370 Forest Circle in the Township of Toms River in the State of New Jersey. The defendant Josh Weinfeld is domiciled at 54 Gudz Road in the Township of Lakewood in the State of New Jersey. The defendant Isidore Bleier is domiciled at 10 Teaberry Court in the Township of Lakewood in the State of New Jersey with a secondary address as New Jersey as 213 2nd Street, Lakewood, New Jersey 08701. At all times material to this lawsuit, the defendant BSD Realty Holdings Inc. is a corporation in the State of New Jersey with an address located at 123 Bayview Avenue, in the City of Jersey City in the State of New Jersey. The defendant 1567 56 NY LLC is a limited liability company in the State of New York domiciled at 2370 Forest Circle in the Township of Toms River in the State of New Jersey because Arthur Spitzer who resides in New Jersey is the sole member of 1567 56 NY LLC. The defendant Dekel Abstract LLC is a corporation in the State of New Jersey with an address located at 485 Oak Glen Road in the Township of Howell in the State of New Jersey and its members reside in New Jersey. The defendant Abraham Teitelbaum is domiciled at 485 Oak Glen Road in the Township of Howell in the State of New Jersey. The defendant Rosa Funding LLC is located at an address known as 213 2nd Street in Lakewood of the State of New Jersey as a consortium between Weinfeld and Bleier, who both reside in the State of New Jersey. The defendant PS Funding, Inc. is a corporation in the State of Delaware located at Incorporating Services, Ltd. at 3500 S Dupont Hwy in the City of Dover in the State of

Delaware.  The defendant Jehuda Weisz is domiciled at 1303 Hickory Street in Toms River in the State of New Jersey.

15. On April 20, 2023, the Court held a pre-motion conference, at the request of the Defendants PS Funding, Inc., Isidore Bleier, Josh Weinfeld, Rosa Funding LLC, Jehuda Weisz, Abraham Teitelbaum, and Dekel Abstract LLC, who look to file a pre-answer motion to dismiss.  The Court directed the Plaintiffs to show cause for diversity jurisdiction, that Arthur Spitzer, BSD Realty Holdings Inc., and 1567 56 NY LLC are located outside the State of New York.  On April 21, 2023, the Plaintiffs have complied with the Court's order and submitted prima facie documents substantiating diversity jurisdiction. (ECF 43).

16. No Previous application for said relief has been made.

WHEREFORE, Plaintiffs respectfully request the Clerk, pursuant to FRCP § 55(a), note and enter Default against defendants Arthur Spitzer, BSD Realty Holdings Inc., and 1567 56 NY LLC.

Dated: Brooklyn, New York
       May 15, 2023

                                                Respectfully submitted,
                                                Levi Huebner & Associates PC

                                                By: /s/ Levi Huebner

                                                488 Empire Boulevard, Suite 100
                                                Brooklyn, NY 11225
                                                Tell: (212) 354-5555

                                                *Attorneys for Plaintiffs*