

Edward Paltzik, Esq.
BOCHNER IP, PLLC
295 Madison Avenue, 12TH Floor, New York, NY 10017
o 646.971.0685  E edward@bochnerip.com  w bochnerip.com

*Via ECF Only*

June 12, 2023

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Room S905

Re: *1567 56th Street, LLC et al. v. Arthur Spitzer et al.*, Case # 1:22-cv-04873-KAM-RML

Your Honor:

I represent Defendants Josh Weinfeld ("Weinfeld"), Isidore Bleier ("Bleier"), and Rosa Funding LLC ("Rosa") (collectively the "Rosa Defendants"), together with my co-counsel Yan Margolin.

### I.   Summary of Relief Requested

This letter is respectfully submitted pursuant to Your Honor's Rules of Practice [Rule III(B)] to request a pre-motion conference for proposed motions by the Rosa Defendants (1) to dismiss and/or strike Plaintiffs' Second Amended Complaint (ECF #47), and (2) separately, to impose sanctions against Plaintiffs and their counsel, Mr. Huebner, pursuant to F.R.C.P. Rule 11(c)(2). Mr. Huebner filed Plaintiffs' Second Amended Complaint at 7:16 p.m. this past Friday, June 9, without the consent of the Rosa Defendants, or any of the other non-defaulting Defendants; without leave of the Court, and in disregard of the Court's directives regarding motion practice as set forth in the Minute Entry dated April 21, 2023; and after all of the non-defaulting Defendants had served their motions to dismiss the *First* Amended Complaint, without having served any opposition to said motions; all contrary to F.R.C.P. Rule 15(a) and unambiguous case law on the subject of amendment. Additionally, Mr. Huebner has ignored my attempts to communicate about the matter—I contacted him via email on Saturday, June 10 at 1:31 p.m., and left him a voice message at 12:05 p.m. today, June 12, but received no response to either communication.

### II.   Procedural History

Plaintiffs filed their initial Complaint on August 17, 2022. The Rosa Defendants filed their Answer on October 19, 2022. By letter motion dated February 14, 2023, Plaintiffs sought an extension of time to amend their Complaint. By Order dated February 15, Your Honor granted their extension request. On March 3, Plaintiffs filed their First Amended Complaint. On



April 20, following Defendants' requests for a pre-motion conference regarding motions to dismiss Plaintiffs' Amended Complaint, a pre-motion conference was held via teleconference. On April 21, Your Honor ordered a briefing schedule regarding these anticipated motions, as follows: Defendants to serve their motions by May 22, Plaintiffs to serve their opposition by July 24, Defendants' replies to be served by August 7, and all papers to be filed via ECF on August 7. Your Honor's order as to briefing made no mention of leave to file a Second Amended Complaint, nor was there any discussion of a Second Amended Complaint during the pre-motion conference. As directed by Your Honor, on and prior to May 22, all of the non-defaulting Defendants served their motions to dismiss upon Mr. Huebner via email. Mr. Huebner, rather than opposing these motions, then filed Plaintiffs' Second Amended Complaint on June 9, out of the blue.

### III.     Applicable Law in Support of Request for a Pre-Motion Conference

Amendment of pleadings before trial as of right is governed by F.R.C.P. Rule 15(a)(1), which provides in pertinent part: "(1) *Amending as a Matter of Course*. A party may amend its pleading *once* as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required . . . 21 days after service of a motion under Rule 12(b) . . . . " (Emphasis added). Otherwise, amendment of pleadings before trial is governed by F.R.C.P. Rule 15(a)(2), which provides in pertinent part: "(2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

In situations where there was a prior amendment, a party is not permitted to utilize Rule 15(a)(1). Indeed, "the automatic amendment provisions of 15(a) ***do not apply to amendments of amended pleadings***. The drafters of the Federal Rules precluded any suggestion to the contrary by providing in 15(a) that '[a] party may amend his pleading *once* as a matter of course.' " *Deutsch v. Health Ins. Plan*, 573 F. Supp. 1443, 1445 (S.D.N.Y. Oct. 28, 1983) (italic emphasis in original; italic, bold, and underline emphasis added); *see also Nwachukwu v. Liberty Bank,* 2016 U.S. Dist. LEXIS 85896, *2 (D. Conn. July 1, 2016) ("Put simply, a pleading may *not* be amended 'as a matter of course' a second time.") (emphasis added); *Roller Bearing Co. of Am. v. Am. Software*, Inc., 570 F. Supp. 2d 376, 383 (D. Conn. Aug. 13, 2008) ("Previously amended pleadings may be subsequently amended only with the opposing party's written consent or the court's leave."); *Loubier v. Allstate Ins. Co*., 2010 U.S. Dist. LEXIS 30359, *9 (D. Conn. Mar. 30, 2010) ("As the Second Amended Complaint is not Plaintiffs' first amendment to the pleading, they did not have the right 'as a matter of course' to file it.").

### IV.     Relief Requested

In the case at bar, this is the second time Plaintiffs have amended their pleading, and thus they were not free to file a Second Amended Complaint as a matter of course; nor did Plaintiffs have the consent of any of the Defendants or leave of the Court. Accordingly, I request a pre-



motion conference as set forth in Section I of this Letter, and propose the following briefing schedule: (1) Rosa Defendants to serve their respective motions on or before June 30, 2023, (2) Plaintiffs to serve their opposition on or before July 14, and (3) Rosa Defendants to serve their reply on or before July 21, with all papers to be filed on ECF in a logical order on July 21.

I appreciate Your Honor's consideration.

Respectfully submitted,

/s/ Edward Andrew Paltzik
Edward Andrew Paltzik