# Levi Huebner & Associates, PC

**Attorneys and Counselors at Law**
488 Empire Boulevard, Suite 100
Brooklyn, NY 11225
Tel: (212) 354-5555
Fax: (718) 636-4444
email: newyorklawyer@msn.com

July 17, 2023

Honorable Kiyo A. Matsumoto
United States District Court, Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11202

Re:   **1567 56th Street, LLC et al v. Spitzer et al, 1:22-cv-04873-KAM-RML**

Honorable Judge Matsumoto:

We represent the Plaintiffs 1567 56TH Street, LLC, 1569 56TH Street, LLC, and Shlomo Braun.

Plaintiffs respectfully request reconsideration of the Court's order, dated July 14, 2023, denying a conference to review the impact of the bankruptcy stay on the balance of this case.

On June 26, 2023, Defendant PS Funding, Inc. and its affiliate entities filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware. On June 29, 2023, the Defendant PS Funding, Inc. informed the Court of that fact. The same the day, the Court entered an order: "In light of [52] Notice of Bankruptcy Filing, this action is stayed as to Defendant PS Funding, Inc. only."

As soon as Plaintiffs learned of the bankruptcy, we began assessing the impact the bankruptcy would have on this lawsuit. The Plaintiffs retained Dorsey & Whitney LLP to represent Plaintiffs in the bankruptcy. Plaintiffs' counsel entered an appearance in the bankruptcy case.

The bankruptcy in a nutshell: Defendant PS Funding, Inc. filed for Chapter 11 bankruptcy in order to liquate its portfolio of mortgages by passing them on to other creditors free and clear from liens and encumbrances. On June 27, 2023, Defendant PS Funding filed with the Bankruptcy Court a motion For Sale of Property Free and Clear of Liens, this includes a sale of all mortgage notes held by Defendant PS Funding. Objections to that motion are due September 4, 2023. The U.S. Trustee scheduled the meeting of creditors for August 2, 2023.

All claims for relief in the case before the Court are rooted in the forgery of deeds against Plaintiffs right to title in real property. Under New York law, "A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid." *Selene Fin., L.P. v Jones*, 203 AD3d 1191 [2d Dept 2022]. "If a document purportedly conveying a property interest is void, it conveys nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing." *Id*. As such, should Plaintiff proceed to establish the element of forgery, the implication that follows is the mortgages held by Defendant PS Funding will become uncollectible

against the real property.  In other words, the forgery element invalidates two mortgages that are assets of the bankruptcy estate.

      While we recognize the reasoning of the Court's initial orders, that under relevant precedent, "the stay is not automatically applicable to the non bankrupt co-defendants." *Wynn v AC Rochester Gen. Motors Corp*., 155 Fed Appx 528 (2d Cir 2005).  However, the Court of Appeals for the Second Circuit *sua sponte* raised the issued that there are circumstances where "The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v Nygard Intern*., 321 F3d 282, 287-88 (2d Cir 2003).

      We have a genuine fear that the Defendant PS Funding would assert in the bankruptcy court that, by the mere prosecution the fraud alleged in this action, Plaintiffs are violating the bankruptcy stay, in that Defendant PS Funding might suffer an adverse implication that the other mortgages created by the non-bankrupt defendants are questionable.

      Plaintiffs are eager to move this case forward, but we cannot do so at risk of violating the law. We would appreciate it if the Court would signal to the parties whether the Plaintiffs would be violating the bankruptcy stay by pursuing this case, notwithstanding that potentially the Chapter 11 bankruptcy estate would be adversely affected by this litigation.

      Wherefore, we request that the Court reconsider its order, dated July 14, 2023, denying a conference to review the impact of the bankruptcy stay on the balance of this case.

      Respectfully submitted,

      / s / Levi Huebner

      _____

      By: Levi Huebner