

**Edward Andrew Paltzik, Esq.**
**BOCHNER PLLC**
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 516.526.0341  e edward@bochner.law  w bochner.law

June 6, 2024

**VIA ECF**

Honorable Kiyo Matsumoto
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11202

    Re:    <u>1567 56th Street, LLC et al v. Spitzer et al., 1:22-cv-04873-KAM-RML</u>

Your Honor:

    We represent the Defendants Josh Weinfeld, Isidore Bleier, and Rosa Funding LLC (the "Responding Defendants"). We write in response to the June 3, 2023 letter submitted by Plaintiffs' counsel, Mr. Levi Huebner, seeking reconsideration of the Court's May 24, 2024 Order, requesting a pre-motion conference to file and serve a Fourth Amended Complaint, and seeking an order holding Defendants' motions to dismiss "*in abeyance pending such pre-motion conference.*" We also write pursuant to Your Honor's order of June 4, 2024, directing the non-debtor Defendants to respond to Plaintiffs' request for reconsideration, addressing, "*at a minimum: (1) whether the dismissal of Defendant PS Funding from this action has any impact on the arguments made in the motions to dismiss served on Plaintiffs on April 19, 2023; and (2) whether the existence of Exhibit A to the Plaintiffs' letter, a purported loan application furnished by Defendants to PS Funding, would impact Defendants' arguments made in the motion to dismiss.*"

    First, the dismissal of PS Funding has no impact whatsoever on the arguments made in the Responding Defendants' motion to dismiss. The Responding Defendants argued four main points in the motion: (1) that Plaintiffs have not sufficiently alleged a plausible RICO enterprise, (2) that Plaintiffs have not sufficiently alleged a pattern of racketeering, (3) that Plaintiffs have not pleaded fraud with sufficient particularity, and (4) that Plaintiffs have not adequately pleaded a civil conspiracy. Whether PS Funding is a party to this action is entirely irrelevant to any of these four arguments. In fact, the dismissal of PS Funding from this action only serves to weaken Plaintiffs' allegations that there was an enterprise and a pattern, as PS was at the center of Plaintiffs' allegations. Irrespective of which parties are dismissed, the high bar that Plaintiffs must clear to adequately plead a RICO violation remains.

    Second, the existence of Exhibit A, a purported loan application, does not impact the Respondents' motion to dismiss. Exhibit A is a red herring.  If the theory propounded by Plaintiffs is that the Responding Defendants, together with Mr. Spitzer and others, conspired to steal properties via forging signatures and then borrowing against them, why would the "conspirators" raise suspicions by applying for loans against properties they have yet to own but which they planned to acquire via forgery?  The more likely explanation is that Mr. Braun (the Plaintiff) and Mr. Spitzer had an agreement to use the properties to secure a loan in the name of

Edward Andrew Paltzik, Esq.
BOCHNER PLLC
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 516.526.0341  e edward@bochner.law  w bochner.law

an entity which would soon own the properties. In fact, a review of the "Loan Application" shows that Mr. Spitzer did not claim to own the properties. The application states his name as "Borrower", and then the properties at 1567 and 1569 56th Street as "Property Information." Given that many mortgages are obtained to purchase property, such loan applications would definitely be by a person looking to use property they do not yet own as collateral. Mr. Huebner attempts to again create a scandal out of a mundane document.

Indeed, at this stage, the questions before the Court on the motion to dismiss are purely the adequacy of the RICO Claim and whether the RICO Claim has been properly pleaded. In fact, the existence of Exhibit A changes nothing since the action is at the motion to dismiss stage, and not summary judgment. Mr. Huebner seeks to create drama around Exhibit A; in reality, through his 106-page Third Amended Complaint, he has already laid out his case, however misguided it may be. Thus, Exhibit A, to the extent it is authentic and to the extent it is even relevant, should have no impact on the motion; the fact that the application was filed with Rosa Funding a few months before closing has quite literally no positive impact on the Plaintiffs' claims.

Third, Mr. Huebner's request for a pre-motion conference, and the requested underlying relief (further amendment), should be denied. He has already had multiple opportunities to amended his pleading, and, when faced with the non-debtor Defendants' first motions to dismiss, promptly sought leave to amend. Now, once again faced with a motion to dismiss, and after the Responding Defendants have already expended substantial amounts of time and money seeking dismissal of the RICO and Civil Conspiracy claims, Mr. Huebner seeks *yet another* bite at the apple even though nothing fundamental about the case has changed. Mr. Huebner should not be permitted to amend every time there is some sort of "new" factual development, thereby forcing the Responding Defendants to expend significant resources adjusting their motion to dismiss to yet another amended pleading. Indeed, contrary to Mr. Huebner's assertion that the Responding Defendants will suffer no prejudice as a result of his application is belied by his repeated dilatory tactics designed to forestall this Court's decision on the motions to dismiss. Each time, Responding Defendants must expend more time and legal fees to adjust their motion to dismiss. Mr. Huebner's relentless efforts to submit a *Fourth* Amended Complaint also require the Responding Defendants to respond each time.

Tellingly, Mr. Huebner inadvertently admits that amendment isn't necessary, arguing that

> Plaintiffs [sic] settlement with PS Funding changes the posture of this case in two critical ways. First, insofar as Plaintiffs were seeking declaratory judgments cancelling the mortgages . . . that aspect of the complaint is now moot, and Plaintiffs are to recover damages from the remaining Defendants . . . . Second, insofar as the ninth and tenth claims for relief pleaded in the Third Amended Complaint allege a civil conspiracy under common law and damages under RICO, these claims for relief must be amended to eliminate PS Funding as a participant and/or accomplice.



**Edward Andrew Paltzik, Esq.**
**BOCHNER PLLC**
1040 Avenue of the Americas, 15TH Floor, New York, NY 10018
o 516.526.0341  e edward@bochner.law  w bochner.law

Contrary to these assertions, Mr. Huebner fails to mention that Plaintiffs sought damages all along, and he fails to explain why PS Funding would have to be eliminated from the Third Amended Complaint for the motion to dismiss to be fully briefed, particularly because the current settlement with PS Funding does not change anything that happened before, such as during the alleged conspiracy (to which representatives of PS Funding would still be witness even if PS is no longer a defendant).

    Finally, we note that Mr. Huebner did not submit an opposition to Responding Defendants' motion to dismiss; rather he submitted his letter of June 3, in which makes several halfhearted attempts to oppose the motion, rather than simply submitting a complete and proper memorandum of law in response to the Responding Defendants' motion. We respectfully submit that Mr. Heubner did not comply with Court-ordered briefing schedule.

    For all of the foregoing reasons, Plaintiffs' motions should all be denied.

    Respectfully submitted,

/s/ Edward Andrew Paltzik
Edward Andrew Paltzik
Yan Margolin, Co-Counsel