| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>1567 56TH STREET, LLC, 1569 56TH STREET, LLC, and SHLOMO BRAUN,<br><br>                    *Plaintiffs*,<br><br>-against-<br><br>ARTHUR SPITZER, JOSH WEINFELD, ISIDORE BLEIER, BSD REALTY HOLDINGS INC., 1567 56 NY LLC, DEKEL ABSTRACT LLC, ABRAHAM TEITELBAUM, ROSA FUNDING LLC, PS FUNDING, INC., and JEHUDA WEISZ,<br><br>                    *Defendants*. | CIVIL ACTION<br><br>Case No: 22-cv-04873 (KAM-RML)<br><br><br><br>**ANSWER TO THIRD AMENDED COMPLAINT** |

In accordance with Rule 12, Federal Rules of Civil Procedure, Defendants Josh Weinfeld and Rosa Funding LLC ("Answering Defendants"), through their undersigned counsel, answer Plaintiffs' Third Amended Complaint as follows:

### ANSWER TO "SYNOPSIS"

Answering Defendants admit that Plaintiffs' "synopsis" purports to summarize their claim, but deny any liability as alleged in the Third Amended Complaint.

### ANSWER TO JURISDICTIONAL AND PARTY ALLEGATIONS

1.      Deny knowledge or information sufficient to ascertain whether there is diversity jurisdiction.

2.      Admit that the Court has subject matter jurisdiction over the RICO claims.

3-4, 6-10.   Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

11.     Answering Defendants admit that Rosa Funding LLC is a registered LLC with a business address in Lakewood, New Jersey. Answering Defendants deny all other allegations contained in paragraph 11.

12-13. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

14. Defendant Josh Weinfeld admits he is a citizen of the United States. As to all other allegations of paragraph 14, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

15. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

16. Answering Defendants deny the allegations against them contained in this paragraph. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

17 to 20. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

## ANSWER TO RELEVANT FACTS

21 to 39. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

40. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

2

<u>41 to 47.</u>  Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

<u>48.</u>   Answering Defendants deny the allegations contained in this paragraph, except admit that a mortgage lien in the amount of $1,200,000 in favor of Rosa Funding LLC and encumbering the 67 Property was recorded on ACRIS at CRFN:2019000306592.

<u>49</u>.   Answering Defendants deny the allegations contained in this paragraph, except admit that an Assignment of Mortgage from Rosa Funding LLC to PS Funding, Inc. was recorded on ACRIS at CRFN:2019000306593.

<u>50 to 53.</u>  Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

<u>54.</u>   To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied.  To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

<u>55. to 62.</u>  Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

<u>63.</u>   To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied.  To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

<u>64 to 70.</u>    Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

71. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied, except that it is admitted that a mortgage lien in the amount of $1,200,000 in favor of Rosa Funding LLC and encumbering the 69 Property was recorded on ACRIS at CRFN: 2019000306604. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations, and leave Plaintiffs to their proofs.

72. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied, except that it is admitted that an assignment of mortgage to PS Funding was recorded on ACRIS at CRFN: 2019000306605. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations, and leave Plaintiffs to their proofs.

73 to 76. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

77. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

78 to 83. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

### RESPONSE TO PLAINTIFFS' FIRST CLAIM FOR RELIEF

84 to 102. The allegations of these paragraphs are directed at defendants other than Answering Defendants, and so no response is required of him. To the extent such allegations are directed at Answering Defendants, they are denied.

## RESPONSE TO PLAINTIFFS' SECOND CLAIM FOR RELIEF

103. Answering Defendants repeat and reincorporate their foregoing responses as though set forth fully herein.

104 to 121. The allegations of these paragraphs are directed at defendants other than Answering Defendants, and so no response is required of them. To the extent such allegations are directed at Answering Defendants, they are denied.

## RESPONSE TO PLAINTIFFS' THIRD CLAIM FOR RELIEF

122. Answering Defendants repeat and reincorporate their foregoing responses as though set forth fully herein.

123. To the extent that the allegations of this paragraph are directed at Answering Defendants they are denied, except the allegation that Answering Defendants are domiciled outside of New York. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

124 to 132. To the extent that the allegations of this paragraph are directed at Answering Defendants they are denied. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

133. Answering Defendants deny the allegations in this paragraph, except admit that Rosa Funding is the originator of a mortgage encumbering the 67 Property.

134 to 136. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied. To the extent that the allegations are directed at other defendants,

5

Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

137-139. The allegations in these paragraphs contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

140-142. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

143-144. The allegations in these paragraphs contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**RESPONSE TO PLAINTIFFS' FOURTH CLAIM FOR RELIEF**

145. Answering Defendants repeat and reincorporate their foregoing responses as though set forth fully herein.

146 to 155. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

156. Answering Defendants deny the allegations in this paragraph, except admit that Rosa Funding is the originator of a mortgage encumbering the 69 Property.

157-159. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

6

159-162. The allegations in these paragraphs contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

163-165. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

165-167. The allegations in these paragraphs contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## RESPONSE TO PLAINTIFFS' FIFTH CLAIM FOR RELIEF

168. Answering, Defendants repeat and reincorporate their foregoing responses as though set forth fully herein.

169 to 172. The allegations of these paragraphs are directed at defendants other than Answering Defendants, and so no response is required of him. To the extent such allegations are directed at Answering Defendants, they are denied.

## RESPONSE TO PLAINTIFFS' SIXTH CLAIM FOR RELIEF

172. Answering, Defendants repeat and reincorporate their foregoing responses as though set forth fully herein.

174 to 177. The allegations of these paragraphs are directed at defendants other than Answering Defendants, and so no response is required of him. To the extent such allegations are directed at Answering Defendants, they are denied.

## RESPONSE TO PLAINTIFFS' SEVENTH CLAIM FOR RELIEF

178. Answering, Defendants repeat and reincorporate their foregoing responses as though set forth fully herein.

178 to 190. The allegations of these paragraphs are directed at defendants other than Answering Defendants, and so no response is required of him.  To the extent such allegations are directed at Answering Defendants, they are denied.

### RESPONSE TO PLAINTIFFS' EIGHTH CLAIM FOR RELIEF

191.  Answering, Defendants repeat and reincorporate their foregoing responses as though set forth fully herein.

192 to 202. The allegations of these paragraphs are directed at defendants other than Answering Defendants, and so no response is required of him.  To the extent such allegations are directed at Answering Defendants, they are denied.

### RESPONSE TO PLAINTIFFS' NINTH CLAIM FOR RELIEF

203.  Answering, Defendants repeat and reincorporate their foregoing responses as though set forth fully herein.

204 to 237.  To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied.  To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

### RESPONSE TO PLAINTIFFS' TENTH CLAIM FOR RELIEF

238.  Answering, Defendants repeat and reincorporate their foregoing responses as though set forth fully herein.

239. The allegations of this paragraph state legal principles as to which no response is required.

240-241. Admitted.

242. The allegations of this paragraph state legal principles as to which no response is required.

243 to 271. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

272-281. The allegations of these paragraphs are directed at defendants other than Answering Defendants, and so no response is required of him. To the extent such allegations are directed at Answering Defendants, they are denied.

282. Admitted.

283. Denied.

284. Admitted.

285. Admitted.

286-288. Denied.

289. Admitted.

290. Denied.

291. Denied.

292-309. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

310. Denied, except admit that Defendant Rosa Funding is a nonbank lending company that originates mortgages, located in the State of New Jersey.

311.    Admitted.

312.    Denied, except admit that Rosa Funding originated the mortgages recorded against the subject properties.

313-314.    Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations, except state that Rosa Funding typically charges between 1.5% and 3% commission fee on mortgages it originates.

315-317. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

318 to 358. The allegations of these paragraphs are directed at defendants other than Defendant Bleier, and so no response is required of him. To the extent such allegations are directed at Answering Defendants, they are denied.

359 to 414. To the extent that the allegations of this paragraph are directed at Answering Defendants, they are denied. To the extent that the allegations are directed at other defendants, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

415.    No response is required.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs lack standing to sue as to some of the acts alleged in the complaint.

2.    Plaintiffs have not suffered any injury.

3.    Plaintiffs' claims are barred by the applicable statute of limitations.

4.    Plaintiff failed to state a claim for which relief can be granted.

5. The action is barred by the doctrines of laches, estoppel, waiver, and/or unclean hands.

6. Plaintiffs' claims are precluded in whole or in part to the extent there was a failure to mitigate damages.

7. Plaintiffs have suffered no damages or pecuniary loss attributable to actionable conduct by the Answering Defendants.

8. If Plaintiffs sustained any damages as alleged in the Complaint, which is expressly denied, then such damages were caused, either in whole or in part, by Plaintiffs or the actions of third parties over whom Answering Defendants had no control.

9. The amount of recovery to which Plaintiffs are entitled, if any, must be reduced by any amounts recovered by Plaintiffs from collateral sources.

10. Plaintiffs' claims are subject in whole or in part to setoff.

11. Any damages alleged sustained by Plaintiffs resulted from, or were proximately caused by, the acts, omissions, or other culpable conduct of third parties over whom Answering Defendants had no control.

12. The damages allegedly suffered by Plaintiffs were caused in whole or in part, or were exacerbated by, Plaintiffs' own negligence, fraudulent, improper, unlawful and/or culpable conduct or omissions and, accordingly, Plaintiffs' claim is therefore barred or diminished in the proportion that such conduct or omissions bears to the total culpable conduct causing the alleged damages.

13. The relief sought by Plaintiffs is barred by the doctrines of estoppel, ratification, release, and waiver.

14. Answering Defendants did not violate 18 U.S.C. §1962(c).

15. Plaintiffs cannot establish the elements of a RICO claim.

16. Answering Defendants did not commit "racketeering activity" as defined under 18 U.S.C. 1961(1).

17. Plaintiffs are not entitled to recover damages under the provisions of 18 U.S.C.A. §1964(c).

18. Plaintiffs cannot establish the existence of an enterprise.

19. Answering Defendant reserves the right to assert any additional affirmative defenses it may have, which cannot now be articulated due to plaintiffs' failure to particularize their claims, and because the Complaint is vague and uncertain, or due to plaintiffs' failure to provide more specific information concerning the nature of the claims.

**AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS ARTHUR SPITZER, ISIDORE BLEIER, 1567 56 NY LLC, BSD REALTY HOLDINGS INC., DEKEL ABSTRACT LLC, ABRAHAM TEITELBAUM AND JEHUDA WEISZ**

1. That if the plaintiffs were caused to sustain damages at the time and place set forth in the plaintiffs' Third Amended Complaint through any carelessness, recklessness, negligence and/or breach of warranty other than the plaintiffs' own carelessness, recklessness and negligence, said damages were sustained by reason of the carelessness, recklessness and negligence and/or acts of omission or commission and/or breach of contract by the defendants, ARTHUR SPITZER, ISIDORE BLEIER, 1567 56 NY LLC, BSD REALTY HOLDINGS INC., DEKEL ABSTRACT LLC, ABRAHAM TEITELBAUM AND JEHUDA WEISZ (collectively, the "Cross-Claim Defendants"), their agents, servants and/or employees; and if any judgment is recovered herein by the plaintiff against answering defendant, the Cross-Claim Defendants are or will be responsible therefore in whole or in part.

2. That by reason of the foregoing, the Cross-Claim Defendants will be liable to answering defendant in the event and in the full amount of a recovery herein by the plaintiffs or alternatively, for that proportion thereof caused by the relative responsibility of the defendant(s), Cross-Claim Defendants are bound to pay any and all expenses and attorney's fees and the costs and disbursements thereof.

**WHEREFORE**, Answering Defendants demand judgment against the plaintiffs as follows:

(a) dismissing plaintiffs' Third Amended Complaint with prejudice, together with attorney's fees, costs, and disbursements of this action;

(b) in the alternative, in the event plaintiffs prevail, Answering Defendants demand judgment determining the respective percentages of fault on the part of the co-defendants, and plaintiffs, thereby reducing the amount of damages as against Answering Defendants;

(c) judgment on the cross-claim;

(d) such other relief as the Court deems appropriate.

Dated: New York, New York
May 8, 2025

**BERG & DAVID PLLC**

By: */s/ Sholom Wohlgelernter*
Sholom Wohlgelernter
Abraham David
372 Doughty Blvd.
Inwood, New York 11096
(718) 989-1392
*Attorneys for Defendants Josh Weinfeld and Rosa Funding LLC*